## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM DUBIAK,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **3:12-CV-02623** |
| | : | **(JUDGE MARIANI)** |
| **SOUTH ABINGTON TOWNSHIP,** | : | |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OPINION

### I.    Introduction

The above-captioned matter arises under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, *et seq.*  Plaintiff brought this action after being denied reemployment at the South Abington Police Department following active duty with the United States Marine Corps.  Defendant subsequently filed a Motion to Dismiss for failure to state a claim under 38 U.S.C. § 4311.  For the reasons discussed below, the Court will deny the Motion.

### II.    Factual Allegations

Plaintiff's Amended Complaint alleges the following well-pleaded facts.

On June 24, 2004, the Plaintiff, William Dubiak, enlisted with the United States Marine Corps on reserve duty. (Am. Compl., Doc. 22, at ¶ 13.)  On July 3, 2008, he began employment for the South Abington Police Department as a police officer.  (*Id.* at ¶ 14.)  However, in May of 2009 he was called to active duty with the Marines, beginning on May

15, 2009. (*Id.* at ¶¶ 15-16.) At this time, his tour of duty was scheduled to continue until June 18, 2010. (*Id.* at ¶ 15.) After commencing active duty, Dubiak was deployed to Iraq. (*Id.* at ¶ 16.)

Dubiak returned from Iraq to his home state of Pennsylvania on December 18, 2009, at which point he was informed that he could be released early from active duty and return to civilian employment. (*Id.* at ¶¶ 17-18.) Thus, Dubiak prepared a letter to the South Abington Police Chief shortly thereafter, requesting to be reinstated to his former job with the Department. (*Id.* at ¶ 19, 21.) But after filing the request, Plaintiff alleges that he was subjected to a series of obstacles meant to frustrate his ability to return to work, including being required to take unnecessary training, (*id.* at ¶¶ 22-24); having his phone calls ignored after he completed the training, (*id.* at ¶¶ 25-26); being explicitly threatened with "a full investigation that would ruin [his] future" if he returned to work, (*id.* at ¶ 30); and, finally, being forced to take part in a coercive and harassing "employment interview" which lasted for hours, without access to counsel, and in which he was escorted to his car by police officers in order to make a phone call, (*id.* at ¶¶ 33-34). Later, a representative of the police department allegedly entered the property of the Marine Corps Reserve Unit to which Dubiak was assigned and demanded official documents pertaining to Dubiak's case in a belligerent manner, necessitating his removal from the property. (*Id.* at ¶¶ 36-37.)

Ultimately, Dubiak was terminated from the South Abington Police Department on May 10, 2010, while still on active duty. (*Id.* at ¶¶ 38-39.) The termination occurred even

though a full-time position was available, which was later filled by another applicant. (*Id.* at ¶¶ 41-42.)

Being unable to return to civilian employment, Dubiak did not terminate his active duty early, but rather was honorably discharged from the Marine Corps on June 18, 2010, as initially planned. (*Id.* at ¶¶ 40, 44, 61.) Despite a belief that doing so would be futile, he sent another application for reinstatement to the South Abington Police on June 22. (*Id.* at ¶ 45.) Though Dubiak does not inform the Court how the Department responded to his second application, the posture of the litigation indicates that it was unsuccessful.

## III.    Procedural History

Plaintiff filed his first Complaint on December 31, 2012. (*See generally* Compl., Doc. 1.) The Complaint contained only one Count, entitled "Violation of Employment & Re-Employment Rights of Members of the Uniformed Services (USERRA) 38 U.S.C. 4301, et seq." (*See id.* at 9.) It did not specify on which sections of USERRA it relied.

Defendant then filed a Motion to Dismiss, which claimed that the Complaint failed under sections 4311 and 4312 of the Act. (*See* Def.'s Mot. to Dismiss, Doc. 6, at 5.) Plaintiff, in turn, filed an Amended Complaint, alleging the same single claim as above. (*See* Am. Compl., Doc. 22.) Upon notice that the Court considered the Amended Complaint to render the first Motion to Dismiss moot, (*see* Order of Nov. 4, 2013, Doc. 25, at 1), Defendant renewed its Motion to Dismiss "but solely as to its argument that Mr. Dubiak fails to state a claim under 38 U.S.C. § 4311," which the Defendant noted was discussed in

paragraphs 20-26 of its Motion and pages 17-19 of its supporting brief, (Letter of Nov. 12, 2013, Doc. 26, at 1).[1]

## IV.   Standard of Review

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

---

[1] Though this notice of renewal was filed as a letter, the Court construes it as a Second Motion to Dismiss, incorporating the relevant portions of the First Motion and supporting briefs. No further briefs were filed after Defendant submitted its letter.

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not show[n]—that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

## V.   Analysis

Section 4311 of USERRA prohibits "discrimination" and "acts of reprisal" against

"persons who serve in the uniformed services." It provides, in relevant part:

> *A person who is a member of*, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in *a uniformed service shall not be denied initial employment, reemployment*, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a) (emphases added). Furthermore,

5

An employer shall be considered to have engaged in actions prohibited . . . under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service . . . .

*Id.* at § 4311(c)(1). Under Section 4311,

[t]he plaintiff bears the initial burden of coming forward with admissible evidence from which a factfinder could reasonably conclude that military status was a "motivating factor" in the employer's challenged adverse employment decision. If the employee has met this burden, the burden then shifts to the employer to prove the affirmative defense that legitimate reasons, standing alone, would have induced the employer to take the same adverse action.

*Gannon v. Nat'l R.R. Passenger Corp.*, 422 F. Supp. 2d 504, 508 (E.D. Pa. 2006) (internal

citations and quotation marks omitted).

In its Motion, Defendant argues that Section 4311 cannot apply as a matter of law to

Dubiak's claim because 4311 only applies "after reemployment has occurred." (*See* Brief in

Supp. of Def.'s Mot. to Dismiss, Doc. 7, at 18.) Citing extrajurisdictional cases, Defendant

argues that "USERRA's reemployment provision found in section 4312 protects military

members up until the moment they are reemployed, while other sections of USERRA, such

as the antidiscrimination provision found in section 4311, only protect the member after

reemployment occurs." (*Id.*)

The Court's analysis is complicated by the fact that Plaintiff neither mentions Section

4311 nor any other specific provision of USERRA at any point in his Amended Complaint.

6

Accordingly, the Court does not know which sections Plaintiff means to allege. However, given that the Plaintiff opposes Defendant's interpretation of 4311 and argues that dismissal would be inappropriate on the basis of that section, (see Pl.'s Brief in Opp. to Mot. to Dismiss, Doc. 11, at 7, 13-15), the Court construes the Amended Complaint as intending to state a 4311 claim.

To the extent that the Amended Complaint does allege a 4311 claim, the Court agrees with the Plaintiff that such a claim is not barred by law. On the other hand, Defendant's interpretation of Section 4311—even assuming that it represents the law of other Circuits—finds no support in Third Circuit case law or in a neutral reading of the face of the statute. This is so for several reasons.

First, Section 4311 explicitly states that a member of the uniformed services "shall not be denied . . . reemployment . . . on the basis of that membership." 38 U.S.C. § 4311(a). This section is perfectly clear on its face, thus precluding Defendant's interpretation. As Defendant notes, (see Doc. 7 at 7), when the meaning of a statute is clear, its plain and unambiguous language controls. The Third Circuit stated this principle unequivocally in a similar USERRA case:

> As with all questions of statutory interpretation, we first turn to the statutory language to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. We discern the plainness or ambiguity of statutory language by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole. Where the statutory meaning is clear, our inquiry is at an end.

*Gordon v. Wawa, Inc.*, 388 F.3d 78, 81 (3d Cir. 2004) (internal citations, quotation marks,

and alterations omitted). Thus, while 4311(a)'s prohibitions of discrimination with regard to

such things as promotions and benefits can logically only apply to employees who have

already been hired, the inclusion of language protecting against being "denied initial

employment [or] reemployment" indicates an obvious intention to include prospective

employees within the statute's antidiscrimination protections as well.

Second, even if the section were ambiguous, "we construe USERRA's provisions

liberally, in favor of the service member." *Gordon*, 388 F.3d at 81. Therefore, even if the

language were subject to Defendant's interpretation, this Court should not disregard an

equally plausible pro-service-member interpretation.

Third, Defendant misinterprets the cases it cites in its support. Defendant cites two

cases from the Eighth Circuit, *Hays v. Communication Technologies, Inc.*, 753 F. Supp. 2d

891 (S.D. Iowa 2010) and *Clegg v. Arkansas Department of Corrections*, 496 F.3d 922 (8th

Cir. 2007), and one from the Fourth Circuit, *Francis v. Booz, Allen & Hamilton, Inc.*, 452

F.3d 299 (4th Cir. 2006). (*See* Doc. 7 at 18.) Both of the Eighth Circuit cases cite to the

same passage of *Francis* for the proposition that "Section 4311 applies after reemployment

has occurred." *Clegg*, 496 F.3d at 930; *Hays*, 753 F. Supp. 2d at 901. But while *Francis*

does say this, *see Francis*, 452 F.3d at 304, it is unreasonable to take the extra interpretive

step, as Defendant appears to do, and claim that *Francis* stands for the proposition that "no

provisions of Section 4311 apply unless reemployment has occurred." Rather, *Francis* only

8

makes the cited statement in the context of distinguishing between Sections 4312 (which

guarantees reemployment rights) and 4311 (which protects against discrimination in several

different areas). *Id.* As noted above, in some situations, Section 4311 could only apply if

the plaintiff were rehired (or had a legal right to be rehired under 4312) and then later were

subjected to discriminatory treatment. Such would be the case if the plaintiff claimed

discrimination in the award of employment benefits or promotions, as was in fact the case in

*Francis. Id.* at 302. However, the clear wording of Section 4311 does not limit itself to such

narrow circumstances; on its face, the statute clearly applies to situations where the

discriminatory treatment is itself the refusal to rehire. The fact that the *Francis* court

confined its discussion to 4311's application to claims of discrimination in employment

benefits does not affect plaintiffs who rely on other provisions of that section.

Moreover, even if *Francis* did support Defendant's narrow interpretation of USERRA,

such an interpretation would remain unpersuasive. *Francis* rests its discussion of Sections

4311 and 4312 on the case of *Warren v. IBM Corp.*, 358 F. Supp. 2d 301 (S.D.N.Y. 2005).

However, *Warren* supports the interpretation of those sections put forth in this Opinion.

That is, *Warren* states only that

> Section 4311 is an antidiscrimination provision; it prohibits discrimination
> against persons who serve in the uniformed services because of their
> membership in a uniformed service or because of their service obligation. 38
> U.S.C. § 4311(a). An employer is considered to have engaged in prohibited
> actions if the employee's membership or obligation for service "is a motivating
> factor in the employer's action, unless the employer can prove that the action
> would have been taken in the absence of such membership" or obligation for
> service. 38 U.S.C. 4311(c)(1).

*Warren*, 358 F. Supp. at 309-10.  Therefore, the case on which *Francis* and, by extension, *Hays* and *Clegg* ultimately rest does not support Defendant's interpretation of the law. Rather, it simply restates the proposition—which should be clear from the face of the statute—that Section 4311 protects against discrimination generally, without distinction as to whether the object of discrimination is a person currently employed.

Accordingly, even though it is unclear whether Plaintiff means to allege a Section 4311 claim, the Court cannot say as a matter of law that such a claim must fail.  This is not to say that the Court finds that Section 4311 is a promising avenue for litigation, or that other potential attacks on it not raised by the Defendant would be unavailing; it is only to say that, on the basis of the arguments that Defendant raised, a Section 4311 claim need not fail as a matter of law.

## VI.   Conclusion

For the foregoing reasons, Defendant's renewed Motion to Dismiss (Doc. 26) is **DENIED**.  A separate Order follows.


Robert D. Mariani
United States District Judge

10